UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL MARTINEZ,

        Petitioner,

v.                            Case No:  2:19-cv-796-FtM-29NPM
                                      Case No. 2:11-CR-40-FTM-29NPM
UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #217)[1] filed by counsel on November 5, 2019.  The government filed a Response in Opposition to Motion (Cv. Doc. #9) on February 6, 2020.  The petitioner filed a Reply (Cv. Doc. #10) on February 28, 2020.  For the reasons set forth below, the motion is denied.

**I.**

On March 30, 2011, a federal grand jury in Fort Myers, Florida returned a ten-count Indictment (Cr. Doc. #1) against petitioner Miguel Angel Martinez (petitioner or Martinez) and his co-defendant Eddy Luis Jose Estrella (Estrella).  Only Estrella was

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

charged in Counts One through Four, and Ten.  Petitioner was charged with the following offenses in the following counts:

- Count Five:  Conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act Conspiracy).

- Count Six: Knowingly delaying and affecting commerce by robbery of an undercover police officer, in violation of 18 U.S.C. § 1951(a) (Hobbs Act Robbery).

- Count Seven:  Conspiracy to use and carry a firearm during and in relation to a crime of violence, and to possess the firearm in furtherance of the crime of violence, the crime of violence being the Hobbs Act Robbery alleged in Count Six, in violation of 18 U.S.C. § 924(o).

- Count Eight: Knowingly using and carrying of a firearm during and in relation to a crime of violence, and in furtherance of a crime of violence, the crimes of violence being the Hobbs Act Conspiracy charged in Count Five and the Hobbs Act Robbery charged in Count Six, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i), and 18 U.S.C. § 2.

- Count Nine:  Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The facts presented in the Presentence Report (Cr. Doc. #220, pp. 5-7), to which petitioner did not object (Cr. Doc. #203, pp. 5-6)[1], described the underlying conduct as follows:

On a prior occasion, Estrella had sold an undercover police officer a quantity of Oxycodone, and had discussed the officer purchasing a firearm on a later occasion.

Estrella agreed to meet the officer again on January 27, 2011, to sell Oxycodone and a firearm.  Prior to the meeting, petitioner and Estrella agreed and planned to rob the undercover officer at gunpoint of drugs recently purchased from Estrella, and money the undercover detective was bringing to purchase drugs and a firearm from Estrella.

On January 27, 2011, Estrella met with the undercover officer in the parking lot of a CVS store and sold him 15 Oxycodone 30 mg pills for $210.  During this meeting, the officer asked about the firearm.  Estrella stated that he did not have it, but he would get another handgun from an apartment.  Estrella asked the officer to take a ride to get the handgun, but the officer declined and said he would wait there instead.  Estrella left the area, and he and petitioner later returned to the CVS parking lot.

---

[1] "[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).

Estrella walked towards the officer's vehicle, entered the passenger side, and showed the officer a handgun.  Estrella dropped out the magazine and locked the slide to show that the firearm was empty.  Estrella lowered the firearm to get the officer to crouch to look at it while petitioner approached the vehicle on the passenger side.

Petitioner knocked on the vehicle's window and tried to open the door, while Estrella attempted to convince the officer to find out what petitioner wanted.  The officer refused, and asked why petitioner was even there.  Feeling threatened, the officer put the vehicle in reverse and attempted to back out.  Estrella told him to stop, and eventually Estrella slammed the vehicle into park and opened the passenger door.  Petitioner leaned towards the officer, displayed a handgun and pointed it at the officer, demanding the officer give him everything.  The officer retrieved four pre-recorded $100 bills from his pocket, and handed the money to Estrella, who handed it to petitioner.  The officer then gave a verbal distress signal and the Lee County Sheriff's Office moved in for a takedown and rescue.

On July 14, 2011, petitioner entered guilty pleas to Counts Five through Nine of the Indictment without the benefit of a plea agreement.  (Cr. Docs. #38, 42.)  Petitioner's guilty pleas were accepted, and petitioner was adjudicated guilty on July 18, 2011. (Cr. Doc. #40.)

On October 17, 2011, the Court sentenced petitioner to a term of 60 months imprisonment as to Counts Five, Six, Seven, and Nine, to be served concurrently to each other; a term of 84 months imprisonment as to Count Eight, to be served consecutively to the terms imposed in Counts Five, Six, Seven, and Nine; and concurrent terms of supervised release.  (Cr. Doc. #76.)  Judgment (Cr. Doc. #81) was filed on October 17, 2011.  No direct appeal was filed.

**II.**

Petitioner's § 2255 Motion raises a single claim:  The conviction and sentence in Count Eight must be vacated in light of the U.S. Supreme Court's intervening decision in <u>Davis v. United States</u>, 139 S. Ct. 2319 (2019).  <u>Davis</u> held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  Petitioner asserts that his conviction on Count Eight was based on the use of the residual clause, and that without the use of this residual clause, he could not have been convicted of Count Eight.  (Cv. Doc. #1, p. 4.)  Accordingly, petitioner argues, the district court did not have the jurisdiction to convict or impose a sentence on Count Eight.  (Cv. Doc. #2, p. 2.)  Petitioner also asserts

that, in light of <u>Davis</u>, Count Eight violated his Fifth and Sixth Amendment rights.  (Cv. Doc. #2, pp. 4-7.)

**A.**

In Count Eight, petitioner was charged with violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The pertinent portion of Section 924(c) provides:

> (c)(1)(A) [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

18 U.S.C. § 924(c)(1)(A)(ii).  A "crime of violence" is a felony offense that:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B).  Thus, a crime of violence under § 924(c) must either fall under the "elements clause" of (A) or the "residual clause" of (B).

Count Eight provided in its entirety:

### COUNT EIGHT

On or about January 27, 2011, in Lee County, in the Middle District of Florida,

**EDDY LUIS JOSE ESTRELLA, and**
**MIGUEL ANGEL MARTINEZ,**

defendants herein, aiding and abetting one another, did knowingly use and carry a firearm, namely a Sig Sauer, 9mm semi-automatic pistol, model P6, serial number M443126, and an American Arms, Inc., 22 caliber semi-automatic pistol, model PX22, serial number 043325, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, and did knowingly possess said firearm in furtherance of said crime of violence, namely, Interference with Commerce by Robbery and Conspiracy to Interfere with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Counts Five and Six of this Indictment, which are incorporated by reference as though fully set forth herein.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), Section (c)(1)(C)(i), and Section 2.

Thus, as petitioner recognizes (Cv. Doc. #2, pp. 2-3), Count Eight alleged two "crimes of violence," the Hobbs Act Conspiracy charged in Count Five and the Hobbs Act Robbery charged in Count Six.

**B.**

It is the residual clause of § 924(c)(3)(B) that United States v. Davis, 139 S. Ct. 2319 (2019) declared to be unconstitutionally

vague, extending the reasoning of Johnson v. United States, 135 S. Ct. 2551, 2578 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204, 1216 (2018), which had addressed similar clauses in other statutes. The Eleventh Circuit has found that Davis is a new substantive constitutional rule which applies retroactively.  In re Hammoud, 931 F.3d 1032 (11th Cir. 2019).  Thus, to be valid, a § 924(c) conviction must be predicated on a crime of violence as defined by § 924(c)(3)(A).

It is also clear that under current case law a Hobbs Act conspiracy is not a "crime of violence" under the elements clause of § 924(c)(3)(A).  Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019).  See also Hossain v. United States, No. 17-13135, 2020 WL 1228672, at *1 (11th Cir. Mar. 13, 2020) (plea of guilty predicated solely on conspiracy to commit Hobbs Act robbery vacated); Escourse-Westbrook v. United States, 799 F. App'x 803 (11th Cir. 2020) (vacated and remanded because the crime of violence was solely predicated on the Hobbs Act conspiracy); United States v. Jenkins, 792 F. App'x 756, 758 (11th Cir. 2020) (same). Thus, petitioner's conviction of the Hobbs Act Conspiracy cannot be a predicate crime of violence in Count Eight.

### C.

Petitioner and the United States agree to these preliminary matters in this case.  Thus, there is no dispute that the residual clause of § 924(c) is unconstitutional, that Davis applies

retroactively, that petitioner filed a timely § 2255 petition (at least to the Davis claim(s)), that the Davis claim is cognizable in this § 2255 petition, and that Hobbs Act Conspiracy is not a crime of violence.  After that, the parties part company.

### III.

### A.

Petitioner starts from the unassailable position that Davis has found the residual clause in § 924(c)(3)(B) to be unconstitutionally vague.  From this, petitioner argues that the conviction in Count Eight must be vacated because (1) his conviction in Count Eight "may have been" based on the residual clause, and (2) his substantive § 1951(a) offense conviction does not qualify as a predicate offense.  (Doc. #2, pp. 3-4).[2]

### (1)  Petitioner's Burden

Petitioner's burden in this type of issue was set forth in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017). Paraphrasing Beeman and extending it to a Davis claim, to prove a Davis claim petitioner must establish that the residual clause actually adversely affected the sentence he received, not simply that it may have done so. Only if petitioner would not have received an enhanced sentenced absent the existence of the residual

---

[2] Petitioner recognizes that the Eleventh Circuit has held to the contrary on both issues, but preserves the issues for further appellate review.  (Id. n.2).

clause is there a <u>Davis</u> violation.   There is only a <u>Davis</u> violation if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on the elements clause to qualify a prior conviction as a crime of violence.   <u>Beeman</u>, at 1221-22. <u>See also</u> <u>In re Cannon</u>, 931 F.3d 1236, 1243 (11th Cir. 2019).

Petitioner argues, as did petitioner in <u>Beeman</u>, that he meets his burden if it is merely possible that the Court relied on the residual clause to enhance the sentence. <u>Beeman</u> rejected this standard, holding that, like any other § 2255 movant, a <u>Johnson</u> claimant

> must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

<u>Id.</u> at 1222.   The same standard applies to petitioner's <u>Davis</u> claim.

**(2)  Hobbs Act Robbery as Crime of Violence**

Petitioner is also incorrect in the argument that a substantive Hobbs Act Robbery is not a crime of violence under § 924(c).   In the Eleventh Circuit, Hobbs Act Robbery continues to be a crime of violence under the elements clause of § 924(c).

> In <u>Davis</u>, the Supreme Court held that § 924(c)'s      residual      clause      was

unconstitutionally vague. 139 S. Ct. at 2336. However, Hobbs Act robbery—the predicate crime of violence for White's § 924(c) convictions— categorically qualifies as a crime of violence under § 924(c)'s elements clause. See United States v. St. Hubert, 909 F.3d 335, 344 (11th Cir. 2018), abrogated on other grounds by Davis, 139 S. Ct. 2319; see also In re Fleur, 824 F.3d 1337, 1340–41 (11th Cir. 2016). The Davis court did not disturb § 924(c)'s elements clause. See generally Davis, 139 S. Ct. at 2323–36.

United States v. White, 19-12267, 2020 WL 2300433, at *1 (11th Cir. May 8, 2020).[3]  Cf. United States v. Eason, 953 F.3d 1184, 1191 (11th Cir. 2020)(recognizing that Hobbs Act robbery satisfies the elements clause in 18 U.S.C. § 924(c), but holding it does not satisfy the requirements of U.S. Sentencing Guidelines Manual § 4B1.2(a)(1)).

**B.**

Petitioner nonetheless argues that in this case the Hobbs Act Robbery conviction cannot be considered.  This is so, petitioner argues, because the identification of two crimes of violence in Count Eight rendered the count duplicitous, the remedy for which is that the court may only rely on the least culpable conviction, i.e., the Hobbs Act Conspiracy.   (Cr. Doc. #2, pp. 4-5.) Additionally, petitioner argues that the duplicity resulted in a miscarriage of justice and violated his Fifth and Sixth Amendment

---

[3] Petitioner argues that the Eleventh Circuit cases are wrongly decided, although recognizing they are binding on a district court. (Cv. Doc. #2, p. 5 n.3.)

rights.  Recognizing that the Eleventh Circuit has held that Hobbs Act robbery is a crime of violence under the § 924(c) elements clause, Petitioner asserts that there is a question as to which of the two offenses the Court actually relied upon in this case. (Id. p. 5.)  The Court finds that none of these arguments have merit.

The Court finds the recent discussion in an unpublished Eleventh Circuit decision instructive:

> Nesbitt contends that his § 924(c) conviction is invalid because Count 3, upon which it rests, is a "duplicitous count," by which he means "it charges two or more 'separate and distinct' offenses." See In re Gomez, 830 F.3d 1225 (11th Cir. 2016). After all, the government could have charged two § 924(c) counts, one predicated on the conspiracy and one predicated on the substantive crime.
>
> A duplicitous count poses several dangers, including the risk that a "jury may convict a defendant without unanimously agreeing on the same offense." Another risk, limited to cases such as this one, is that the jury convicted Nesbitt only because it unanimously agreed on the predicate offense of conspiracy to commit Hobbs Act robbery, which is not a crime of violence and therefore not a proper predicate offense.
>
> The parties agree that the question of whether Nesbitt's § 924(c) conviction is valid is analyzed under plain error review because Nesbitt failed to raise the duplicity issue in the district court at the time the error occurred (including when the district court instructed the jury that it could base its § 924(c) verdict on either Count 1 or Count 2). See Fed. R. Crim. P. 52(b).
>
> . . .

Even if the district court committed an error "that is plain" by permitting two predicate offenses to underly the § 924(c) charge, Nesbitt cannot show that error affected his substantial rights. To establish that the error affected his substantial rights, he would have to demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." <u>Molina-Martinez v. United States</u>, --- U.S. ----, 136 S. Ct. 1338, 1343, 194 L. Ed. 2d 444 (2016) (quotation marks omitted). He has not, and cannot, do that.

The evidence is overwhelming that substantive Hobbs Act robbery was a predicate offense for Nesbitt's § 924(c) count. Nesbitt does not contest that he is guilty of substantive Hobbs Act robbery. . . . Nesbitt offers no evidence that had he contemporaneously objected to the allegedly duplicitous count the outcome of the proceeding would have been any different.

Had Nesbitt objected to the superseding indictment and prevailed, he would have been charged with two § 924(c) firearm counts: one count would have had conspiracy to commit Hobbs Act robbery as the predicate and the other would have had substantive Hobbs Act robbery as the predicate.

Nesbitt cannot show a reasonable probability that he would not have been convicted of the § 924(c) count tied to substantive Hobbs Act robbery, which would have left him in the same place, guilty of one § 924(c) count. Had he objected to the jury instructions, the outcome also would have been the same. The judge would have required the jury to unanimously agree on the predicate offense, and the evidence is clear the jury would have all agreed substantive Hobbs Act robbery was a predicate offense. In either scenario, no reasonable probability of a different outcome exists.

Nesbitt's counterarguments don't convince us otherwise. He argues that <u>In re Gomez</u> requires us to assume that his § 924(c) offense rests

on the least culpable of the offenses alleged to support the conviction, in this case conspiracy to commit Hobbs Act robbery. 830 F.3d 1225 (11th Cir. 2016). But Gomez involved an application for permission to file a second or successive 28 U.S.C. § 2255 motion. Id. at 1226. In that scenario, all an applicant has to do to obtain permission is make a prima face showing that he satisfies the criteria of § 2255. See id. at 1229 (noting applicant has only made "a prima facie showing that his conviction may" be unlawful) (emphasis added) (Carnes, J., concurring); In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (applicant need show only a "reasonable likelihood" of success). But here the merits are before us, so we can decide if substantive Hobbs Act robbery supports Nesbitt's § 924(c) conviction — and it does.

Nesbitt cites Alleyne v. United States in support. 570 U.S. 99, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013). In Alleyne the Supreme Court held that factual findings that increase the mandatory minimum sentence for any crime are "elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." Id. at 103, 133 S. Ct. 2151. We have held that an "indictment that lists multiple predicates in a single § 924(c) count allows for a defendant's mandatory minimum to be increased without the unanimity Alleyne required." Gomez, 830 F.3d at 1227. That is because some of the jurors might have though Nesbitt used the gun during the conspiracy to commit Hobbs Act robbery, while the others thought he did so only during the substantive Hobbs Act robbery. See id. So Alleyne prohibits a judge from making the factual determination about which predicate offense supported the § 924(c) count when it is not clear what the jury has decided. Id. Alleyne does not help Nesbitt because the district court did not make a factual determination about which predicate offense supported the § 924(c) count.

Nesbitt cites Alleyne and In re Gomez to argue
that we cannot conduct plain error review
because in order to determine if a reasonable
probability of a different outcome would
result, we would have to engage in prohibited
factfinding. So presumably, we should ignore
the requirements of the plain error rule and
conduct a full-on merits review. That is
wrong. Neither Alleyne nor In re Gomez bars us
from determining if "a reasonable probability
[exists] that, but for the error, the outcome
of the proceeding would have been different."
Molina-Martinez, 136 S. Ct. at 1343; cf.
Hedgpeth v. Pulido, 555 U.S. 57, 58, 129 S.
Ct. 530, 172 L. Ed. 2d 388 (2008) (improperly
instructing the jury on multiple theories of
guilt, one of which is invalid, is not a
structural error and is subject to harmless
error review). That is not factfinding. It is
standard third-prong plain error review. And
once again, given the overwhelming evidence
that substantive Hobbs Act robbery supports
his § 924(c) conviction, Nesbitt cannot show
that a reasonable probability of a different
outcome exists.

United States v. Nesbitt, 18-11125, 2020 WL 1970519, at *3-5 (11th

Cir. Apr. 24, 2020)(footnotes omitted).  In footnote 4, Nesbitt

stated:

Nesbitt also suggests that aiding and abetting
substantive Hobbs Act robbery is not a crime
of violence. It is. In re Colon, 826 F.3d 1301,
1305 (11th Cir. 2016) (concluding that aiding
and abetting substantive Hobbs Act robbery is
a crime of violence under the elements clause
and thus supports an aiding and abetting §
924(c) firearm charge). Nesbitt also argues
that substantive Hobbs Act robbery is not a
crime of violence if a person is convicted
under a theory of Pinkerton liability. See
Pinkerton v. United States, 328 U.S. 640, 647-
48, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946)
(holding that criminal defendants are liable
for the reasonably foreseeable actions of

their co-conspirators). But that argument is not relevant because the evidence is overwhelming that Nesbitt's guilt was not dependent on Pinkerton liability; he did not dispute in this trial or during his last direct appeal that he robbed the restaurant and carried a firearm while doing so. <u>See United States v. Gallo-Chamorro</u>, 48 F.3d 502, 506-508 (11th Cir. 1995) (discussing aiding and abetting versus <u>Pinkerton</u> liability and noting that aiding and abetting "has a broader application" and "rests on a broader base" than <u>Pinkerton</u> liability) (quoting <u>Nye & Nissen v. United States</u>, 336 U.S. 613, 620, 69 S. Ct. 766, 93 L. Ed. 919 (1949)).

<u>United States v. Nesbitt</u>, 18-11125, 2020 WL 1970519, at *5 n.4 (11th Cir. Apr. 24, 2020).

Petitioner's case is far less compelling than was Nesbitt's. There is no doubt that the fact-finder found that petitioner was guilty of the Hobbs Act Robbery – petitioner's guilt of that offense was established by petitioner's own words in a guilty plea proceeding.  The magistrate judge recommended acceptance of the pleas, including the Hobbes Act Robbery count and Count Eight (Cr. Doc. #39), and the district court accepted the recommendation and adjudicated petitioner guilty (Cr. Doc. #40.)   No prohibited judicial fact-finding is required, since a Court in the guilty plea context is required to make such a factual finding.  Fed. R. Crim. P. 11(b)(3).

Generally, where the government charges crimes in the conjunctive, as was done in Count Eight, it is only required to prove one such crime.  <u>United States v. Simpson</u>, 228 F.3d 1294,

- 16 -

1300 (11th Cir. 2000) ("[W]here an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive."). Even though the district court relied on both the Hobbs Act Conspiracy and the Hobbs Act Robbery in Count Eight, there was no violation of petitioner's constitutional or statutory rights as long as it is clear that one of the offenses qualified as a § 924(c) crime of violence. Where the guilty plea is predicated both on a conspiracy to commit Hobbs Act robbery and a second qualifying predicate offense, petitioner is not entitled to relief. In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019) (Section "924(c) requires only that the predicate crime be one that may be prosecuted"). See also In re Pollard, 931 F.3d 1318, 1321 (11th Cir. 2019)("If the companion crime for which an applicant was convicted qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, that applicant cannot show that there is a 'reasonable likelihood' that he will benefit from the rule announced in Davis.")

Unlike Cannon, where it was unclear if the jury also concluded that the firearm was in furtherance of the underlying drug and carjacking predicates along with the use of the firearm during a Hobbs Act conspiracy, in this case it is not even "somewhat unclear which crime or crimes served as the predicate offense for Cannon's

§ 924(o) conviction." _In re Cannon_, 931 F.3d 1236, 1243 (11th Cir. 2019).   There is no reason to presume the Hobbs Act Conspiracy, as the least culpable offense, was the only predicate conviction based on the record in this case.   Additionally, the "least culpable offense" rule does not apply in this case.   The Eleventh Circuit "has only applied the 'least culpable offense' rule when determining whether an offense qualifies as a crime of violence, not when determining which crime of violence underlies a defendant's § 924(c) conviction." _Calderon v. United States_, No. 18-11615, ___ F. App'x ___, 2020 WL 1921930, at *4 (11th Cir. Apr. 21, 2020) (per curiam).   Since this case involved a plea rather than a jury trial, the same Sixth Amendment concerns are not present.   _Id._

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #217) is **DENIED.**

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL _IN FORMA PAUPERIS_ ARE DENIED.**   A prisoner seeking a writ of habeas

corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE and ORDERED** at Fort Myers, Florida, this  1st  day of June, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA